[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on October 18, 1992 in Ansonia, CT Page 772 Connecticut. The parties have resided continuously in the state since 1992. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in46b-81 and 46b-82 of the Conn. General Statutes in reaching the decisions reflected in the orders that follow.
The parties intermarried in October 1992, having lived together since some time in 1987 or 1988. The plaintiff is 31 years of age and in good health. She is gainfully employed as a bank branch manager. The husband will be 30 years old in June 1994. He is also in good health and is gainfully employed in sales.
Within three months after the marriage, the plaintiff noticed a change in the defendant. The plaintiff subsequently learned that the defendant had become involved in a relationship with another woman who happened to be a friend of the plaintiff.
After a few stormy months, the defendant vacated the marital home in July 1993.
The major asset of the parties is the marital home which was purchased in 1988 for $133,000. Both parties contributed an equal amount to the down payment and both contributed equally to the remodeling and improvements. The plaintiff obtained a real estate appraisal for $129,000 as of September 7, 1993. The defendant's appraisal was for $135,000 as of January 8, 1994. The property is encumbered by a mortgage of approximately $100,000. The Plaintiff's father gave the plaintiff the sum of $10,000 for the parties' wedding. The plaintiff is seeking reimbursement from the defendant for one-half the cost of the wedding.
Unfortunately, the parties were unable to resolve their marital difficulties. The evidence presented indicates that the greater fault for the cause of the breakdown must be attributable the defendant.
The following orders shall enter:
A. Real Estate CT Page 773
1. The marital residence located at 66 Holmes Street, Stratford, Connecticut, shall be promptly listed with a real estate broker and sold.
After payment of the first mortgage, usual closing costs and real estate commission, the net proceeds shall be equally divided between the parties, 50% to the plaintiff and 50% to the defendant.
2. The plaintiff shall be entitled to exclusive possession of the marital home until it is sold.
3. Until such time as the home is sold, the defendant shall be responsible for one-half of the monthly mortgage payment, one-half of the real estate taxes and one-half of the homeowner's insurance, commencing with the January 1994 payment.
4. The plaintiff shall be responsible for the other one-half of the above costs.
5. Any major, capital repairs shall be equally divided between the parties (such as a furnace, hot water heater, roof).
6. Any maintenance repairs in excess of $350 shall be equally divided between the parties.
7. The court shall retain jurisdiction in the event of any disputes arising in connection with the sale of the marital home.
B. Alimony
Neither party is awarded alimony.
C. Debts
1. Each party shall pay one-half of the joint People's Visa card having a current balance of approximately $5,000.
2. The defendant shall reimburse the plaintiff the sum of $610 within three weeks of date, representing his share of utility and house bills incurred prior to his vacating the home.
3. Each party shall be responsible for their respective debts as listed on their respective financial affidavits except as CT Page 774 set forth above.
D. Personal Property
1. The defendant shall be entitled to his jar of coins.
2. The diamond and pearl ring shall be the sole property of the plaintiff. If the defendant is unable to locate the same, he shall pay to the plaintiff the sum of $250 within three weeks of date.
3. The remaining furniture and furnishings located in the marital home shall be the sole property of the plaintiff.
4. The defendant shall be entitled to his clothing and personal effects if there are any remaining in the marital home.
5. The defendant shall return the plaintiff's gold chains to the plaintiff within three weeks of date.
E. Miscellaneous
1. Each party shall retain their own respective IRA accounts and 401(K) accounts.
2. Each party shall retain their own assets as shown on their respective financial affidavits unless otherwise disposed of herein.
F. Counsel Fees
The plaintiff is awarded counsel fees in the amount of $1,000 payable within three weeks of date.
G. Change of Name
The plaintiff is granted a change of name to Tanya Wulff.
Coppeto, J.